Appeal of **WHITNEY DUPLICATING CHECK CO.**      Docket No. 1801.

Submitted March 30, 1925; decided April 15, 1925.

*W. M. Ripy, Esq.*, for the taxpayer.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is from a determination by the Commissioner of an additional tax of $2,140 for the calendar year 1919, as outlined in the deficiency letter mailed on December 4, 1924.

The taxpayer assigns as error the refusal of the Commissioner to allow as a deduction for the year 1919 the sum of $7,000, claimed to have been paid to its president for reimbursement of expenditures made by him during the years 1917, 1918, and 1919 in carrying on its business.

FINDINGS OF FACT.

Taxpayer is a New York corporation organized in 1906, with its principal office at 250 West Fifty-fourth Street, New York, N. Y., engaged in the business of systematizers of hotels and restaurants by installing therein a checking system for the purpose of accurately recording receipts and disbursements. The president of the corporation, during 1919 and prior years, spent a great part of his time in traveling, principally by automobile, for the purpose of selling, installing, and maintaining this duplicating check system. During November, 1917, he expended $87 for repairs to an automobile used in the company's business. During 1918 he expended $400 for traveling expenses and $77.60 for automobile repairs. During the year 1919 he disbursed for traveling expenses $786.14; automobile expense, repairs, gasoline, insurance, etc., $1,512.20; chauffeur's wages, $1,600; garage rental, $400. On March 20, 1919, he purchased a Studebaker automobile at a cost of $2,316.08, which he sold in December, 1919, for $1,000. This automobile was used in connection with the company's business and also for pleasure. The total amount personally paid out by the president, up to and including December 31, 1919, was $4,862.94, exclusive of the cost of the automobile of $2,316.08.

DECISION.

The determination of the Commissioner is approved. Taxpayer has not shown by competent evidence that the expenses were allowed or paid by the taxpayer or that it is otherwise entitled under section 234 (a) of the Revenue Act of 1918 to deduct any portion of the amount claimed.